5258, 5259, 5260 and 5302.

(Court of Appeal, Parish of Orleans).

## ZACH. A. STRATE vs. GEORGE J. GLOVER ET AL.

Where the proof shows that certain material required for construction is delivered at the building from time to time as needed during the progress of the work, and further shows that material of the identical character or quality of that delivered is actually used in said construction, this is a *prima facie* showing that the material delivered was actually used, within the meaning of our building laws, in the construction of the building, sufficient to cast upon defendant, as a matter of defense, the burden of proving what part, if any, of such material was not in fact thus used or was diverted to other purposes.

Appeal from the Civil District Court, Division "E."

Legier & Gleason, for plaintiff and appellee.

P. M. Milner, Saunders, Dufour & Dufour, H. M. Ansley, for defendants and appellants.

ST. PAUL, J.—In this case, plaintiff, a furnisher of material to the main sub-contractor, sued the main sub-contractor and his surety for a balance due by the main sub-contractor. The main contractor thereupon called in warranty the main sub-contractor and the latter's surety and the last named surety in turn called in warranty its indemnitor. Judgment was rendered in favor of plaintiff against the main contractor and his surety, with like judgment over in favor of said main contractor against the main sub-contractor's surety and with like judgment over in favor of the latter surety against its indemnitor. The main contractor, the surety on his bond and the surety on the bond of the main sub-contractor each prosecutes separate, suspensive appeals and the indemnitor prosecutes a devolutive appeal. All appeals have been

consolidated in this court. No briefs in support of the suspensive appeals have been filed and the respective attorneys for these appellants, at the hearing in this court, submitted the cause without argument and with the statement of their conviction that the judgment appealed from is correct and should be affirmed.

The indemnitor's contention that the correctness of plaintiff's claim has not been proved is not borne out by the record. Nor is the further contention well founded to the effect that there is not sufficient proof that the materials furnished were actually used in the work. On this score it is proved that such material was required for the erection of the building; that plaintiff's material was actually delivered there from time to time as needed during the progress of the work and that material of that identical quality was actually used in the construction of the building; and this is such a **prima facie** showing, under our building laws, that the whole of the material was used in the construction of the building, as would cast upon defendant, as a matter of defense, the burden of proving what part, if any, was not thus used or was diverted to other purposes.

There is no proof whatever in the record to support the indemnitor's contention that the bonding company was informed in advance of the sub-contractor's dishonesty, or that it was requested or agreed to have all payments made jointly to itself and the sub-contractor.

The court finds no error in the judgment appealed from and it is accordingly affirmed.

April 3, 1911.

Rehearing refused, May 15, 1911.